NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

BROTHERHOOD OF TEAMSTERS AND AUTO TRUCK DRIVERS LOCAL NO. 70, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN & HELPERS OF AMERICA, Respondent,

and

California Trucking Association, Inc., Intervenor.

No. 72–1498.

United States Court of Appeals, Ninth Circuit.

Dec. 4, 1972.

Rehearing Denied Jan. 19, 1973.

John M. Flynn (argued), Baruch A. Fellner, Marcel Mallet-Prevost, Asst. Gen. Counsel, Peter G. Nash, Gen. Counsel, Washington, D. C., Roy O. Hoffman, Director, Region 20, NLRB, San Francisco, Cal., for petitioner.

Victor J. Van Bourg (argued), Michael B. Roger, of Levy & Van Bourg, San Francisco, Cal., for respondent.

Wesley J. Fastiff (argued), of Littler, Mendelson & Fastiff, San Francisco, Cal., for intervenor.

Before DUNIWAY and TRASK, Circuit Judges, and TALBOT SMITH,* Senior District Judge.

PER CURIAM:

The Board's Order before us was based upon its finding that respondent union had violated Sections 8(b)(3) and 8(b)(1)(B) of the National Labor Relations Act, as amended, 29 U.S.C. § 151 et seq. It was the determination of the Board that the respondent union, a member of a multi-union-multi-employer unit, had unlawfully refused to bargain by refusing to be bound by the negotiations of its representatives, such action "coming after negotiations for a new contract had been all but completed."[1]  It had,

---

* The Honorable Talbot Smith, Senior United States Judge for the Eastern District of Michigan, sitting by designation.

1. 1972 CCH NLRB ¶ 23,733. The Board's Decision and Order is reported at 194 NLRB No. 106.

moreover, it was found, by strikes, picketing, and threats thereof, sought to compel employer-members of the unit to abandon the unit and to execute separate collective bargaining agreements.

The offenses charged do not turn upon the existence or nonexistence of a new national agreement, whether signed or unsigned, executed or executory, but rather upon the attempted withdrawal from the unit under the circumstances described and the concomitant restraint and coercion practiced. See NLRB v. Jeffries Banknote Co., 281 F.2d 893 (CA 9, 1960); NLRB v. Hart, 453 F.2d 215 (CA 9, 1971).

We have reviewed the record and find substantial support therein to support the Board's factual determinations. The Petition of Enforcement is therefore granted and the Board's Order will be enforced.