**H & D, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 79–7198.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 1980.

Decided Feb. 23, 1982.

---

Phillip Offenbacker, Short, Cressman & Cable, Seattle, Wash., for petitioner.

John H. Ferguson, Atty., N. L. R. B., Washington, D. C., for respondent.

Before KILKENNY and SNEED, Circuit Judges, and CALLISTER *, District Judge.

SNEED, Circuit Judge:

H & D, Inc. (H & D) and two other employers took part in contract negotiations with the Ironworkers Shopmen Local Union No. 506. No formal multiemployer bargaining agreement was executed. After negotiations failed to produce a new contract, almost all of H & D's employees resigned from the union. The employees refused to take part in a strike called by the union and filed, but later withdrew, a petition seeking decertification. When the union refused to consent to H & D's request to withdraw from negotiations, H & D withdrew unilaterally, citing the impasse as justification. The union filed suit, charging that H & D's refusal to bargain as part of the multiemployer group was an unfair labor practice.

The administrative law judge found no unfair labor practice because no multiemployer unit had ever existed. The Board

* Honorable Marion J. Callister, United States District Judge for the District of Idaho, sitting by designation.

reversed, finding that a multiemployer bargaining unit existed, that there was no bargaining impasse, and that the mass resignation of H & D's employees from the union did not otherwise create an "unusual circumstance" justifying withdrawal from negotiations. *See Retail Associates, Inc.*, 120 N.L.R.B. 388 (1958); *see infra* p. 122–123. H & D, Inc. petitioned for review and the Board seeks enforcement of its order.

In our earlier opinion, *H & D, Inc. v. NLRB*, 665 F.2d 257 (9th Cir. 1980), we found a bargaining impasse which alone sufficed as an unusual circumstance justifying H & D's withdrawal. We did not consider whether a multiemployer bargaining unit existed in the first instance, nor did we consider the resignation of H & D's employees from the union. On October 24, 1980, the mandate in *H & D, Inc.* was recalled pending a vote on rehearing en banc. Four and a half months later, on March 9, 1981, the Supreme Court granted certiorari to resolve a conflict among the Circuit Courts of Appeals on the question whether an impasse in bargaining justifies withdrawal from a multiemployer bargaining unit. *Charles D. Bonanno Linen Service, Inc. v. NLRB*, 450 U.S. 979, 101 S.Ct. 1512, 67 L.Ed.2d 813 (1981).

The Supreme Court has now held that impasse does not justify withdrawal. *Charles D. Bonanno Linen Service, Inc. v. NLRB*, — U.S. —, 102 S.Ct. 720, 70 L.Ed.2d 656 (1982). The Court also granted certiorari in *H & D, Inc.*, and summarily vacated and remanded our decision for further consideration in light of *Bonanno. NLRB v. H & D, Inc.*, — U.S. —, 102 S.Ct. 1243, 71 L.Ed.2d 440 (1982). It, therefore, becomes necessary to consider the issues we previously did not consider. We conclude that the Board's order should be enforced.

## I.

### Existence of the Multiemployer Bargaining Unit

■ The Board determined that H & D was a party to a binding multiemployer bargaining agreement. This finding must be affirmed so long as it is supported by substantial evidence on the record taken as a whole. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488–491, 71 S.Ct. 456, 464–466, 95 L.Ed. 456 (1951). The administrative law judge's contrary conclusion did not rest upon the resolution of issues of credibility, but rather upon the application of the law to his findings of fact. Thus, the disagreement between him and the Board is "related solely to the inferences to be drawn from the whole record." *NLRB v. Miller Redwood Co.*, 407 F.2d 1366, 1369 (9th Cir. 1969). "In such a case, 'the presumptively broader gauge and experience of members of the Board have a meaningful role'" *Id.* (citations omitted).

■ Although there was no formal multiemployer agreement, the Board noted that the employers had bargained together for ten years. They each received the same letter from the union at the commencement of negotiations, caucused together and formulated one response to the union proposal, and signed identical contracts with the union. To form a multiemployer group, individual employers need only express an unequivocal intention to be bound in collective bargaining by group rather than individual action. No formal organizational structure is required. *Frito-Lay, Inc. v. Local 137, International Brotherhood of Teamsters*, 623 F.2d 1354, 1358 (9th Cir. 1980), *cert. denied*, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981). The conclusion of the Board that the employers' conduct established the existence of a multiemployer bargaining unit is supported by substantial evidence.

## II.

### The Effect of Resignation of H & D's Employees from the Union

■ An employer who engages in collective bargaining as part of a multiemployer unit commits an unfair labor practice by withdrawing from the unit after bargaining has commenced without consent, absent "unusual circumstances." *See NLRB v. Associated Shower Door Co.*, 512 F.2d 230, 232

(9th Cir. 1975), *cert. denied,* 423 U.S. 893, 96 S.Ct. 191, 46 L.Ed.2d 125 (1975); *NLRB v. Local 70, International Brotherhood of Teamsters,* 470 F.2d 509 (9th Cir. 1972), *cert. denied,* 414 U.S. 821, 94 S.Ct. 117, 38 L.Ed.2d 54 (1973); *Retail Associates, Inc.,* 120 N.L.R.B. 388 (1958).

■ The Board found that the mass resignation of H & D's employees from the union was not an unusual circumstance. The Board noted that the test in such a situation is not whether a majority of the employees of one employer resign from the union, but rather, whether a majority of all the employees represented in the contract negotiations resign. This is the proper test. *NLRB v. Sheridan Creations, Inc.,* 357 F.2d 245, 248 (2d Cir. 1966), *cert. denied,* 385 U.S. 1005, 87 S.Ct. 711, 17 L.Ed.2d 544 (1967). *See Tobey Fine Papers v. NLRB,* 659 F.2d 841, 843 (8th Cir. 1981) (by implication). While the record does not permit us to determine with mathematical certainty what proportion of all employees resigned, it is clear that the H & D employees who resigned from the union comprised substantially less than a majority of the entire union membership represented in the negotiations. We therefore affirm the Board's holding.

## CONCLUSION

H & D's petition for review is denied. The Board's cross-application for enforcement of its order is

GRANTED.